In re Estate of Estes.

In the Matter of the Estate of ABEL G. ESTES,
Deceased, M. A. WILCOXEN, Objector
and Appellant.

St. Louis Court of Appeals, January 21, 1896.

Administration : EFFECT OF TEMPORARY ABSENCE OF EXECUTOR. When letters of administration with the will annexed are granted under Revised Statutes, section 13, during the temporary absence of the executor from the ·state, the executor is entitled to qualify and administer upon his return. *Sed quaere*, whether an administrator thus appointed may not be continued in office, if the executor remains absent for an unreasonable length of time, or fails to signify his intention to assume the trust within a reasonable time after his return.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Sam Sparrow* and *J. D. Hostetter* for appellant.

*Clark & Dempsey* for respondent.

BIGGS, J.—Abel G. Estes died testate in Pike county on the twenty-fifth day of December, 1894. John A. Mackey was named in the will as executor, with power to sell the real and personal estate, and, after the payments of debts, to divide the residue among certain legatees. The will was admitted to probate on January 4, 1895. At that time Mackey was temporarily absent from the state, and he remained away until the March following. Prior to his return, to wit, the fourteenth day of February, 1895, the probate court, on the representation of the legatees that the property of the estate was going to waste, appointed the appel-

lant administrator with the will annexed. He gave
bond and took charge of the estate. When Mackey
returned, he was permitted to qualify as executor, and
thereupon the probate court revoked the letters of the
appellant who appealed from that order to the circuit
court, where the action of the probate court was
affirmed. He has again appealed to this court, and
complains that his letters were wrongfully revoked.

The granting of letters to the appellant can be jus-
tified only on the ground that Mackey had renounced
the trust (R. S. 1889, sec. 9), or because of his absence
from the state (R. S. 1889, sec. 13). If the appoint-
ment was made for the reason first named, then appel-
lant could only be removed for statutory causes, none
of which are alleged to have existed; but, if made on
account of the temporary absence of Mackey, then the
action of the court in revoking the letters was proper.
Section 9, *supra*, provides that letters testamentary or
of administration may be granted to some suitable per-
son, if the person or persons entitled to administer
*file their renunciation in writing with the clerk of the pro-
bate court*. Section 13, *supra*, provides that "if the
validity of a will be contested, or the executor be a
minor, *or absent from the state*, letters of administra-
tion shall be granted during the time of such contest,
minority or *absence*, to some other person," etc.
Neither the letters nor the record of the court recite
that Mackey had renounced the trust, or that the
appointment of the appellant was made under section
13 by reason of his temporary absence. The statute
required that the letters should contain the recital of
one fact or the other (sec. 38), and, had this been
done, this litigation would not, in all probability, have
arisen.

Mackey left for California on January 3, 1895. A
few days before he started he was informed by the

appellant that Estes had left a will, and that he (Mackey) had been named as the executor. Mackey testified that, after learning these facts, he wrote to the probate judge that he was just starting to California and had purchased his tickets; that he would be gone about two months, and that he presumed no administration would be needed before he returned. In this he was corroborated by the probate judge, the letter having been lost. On the other hand, the appellant introduced evidence tending to prove that Mackey had stated to a third party that he had written to the probate judge renouncing his right to administer. It is contended by counsel for appellant that the receipt of the letter was equivalent to filing it in the office of probate, and it was, therefore, a valid renunciation of the trust. If this proposition be assented to, the appellant will derive no benefit from it, for the reason that as to the contents of the letter the preponderance of the evidence was against him. If the purport of the letter was as Mackey and the probate judge testified, then the letter could not be tortured into a renunciation of the trust. We must, then, hold that there was no renunciation, and, hence, the grant of letters to appellant must necessarily have been under section 13, which only entitled him to manage and control the estate during Mackey's absence, or until he qualified as executor. It may be that, if Mackey had remained away an unreasonable length of time or had not, within a reasonable time after his return, signified his intention to assume the trust, it would have been within the discretion of the probate judge to permit appellant to proceed with the administration. However, Mackey did return within sixty or seventy days after the will was admitted to probate, and he immediately notified the probate judge of his readiness to qualify as executor. The probate judge permitted him to do

this, and the revocation of appellant's letters was the necessary result.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.